JUDGE NORGLE
MAGISTRATE JUDGE ASHMAN

08 C 1129

# EXHIBIT N

## ASSIGNMENT AND ASSUMPTION AGREEMENT

**THIS ASSIGNMENT AND ASSUMPTION AGREEMENT** (this "**Agreement**"), effective as of November 30, 2007, is made and delivered by **ORIX REAL ESTATE CAPITAL, INC.**, a Delaware corporation (the "**Assignor**"), to **ORIX CAPITAL MARKETS, LLC**, a Delaware limited liability company (the "**Assignee**").

**NOW THEREFORE**, for Ten and No/100 Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor does hereby sell, convey, transfer, assign and deliver to the Assignee, free and clear of all liens, mortgages, pledges, encumbrances and charges of every kind, all of the Assignor's right, title and interest in and to all of the securities, interests, participations and other assets of the Assignor listed and described in Schedule A of that certain Assignment and Assumption Agreement, dated as of February 28, 2006 (a copy of which is attached hereto as Exhibit A)(the "**Initial Assignment**"), between Assignee and Assignor (the "**Assigned Assets**"), including without limitation:

    (a)    Any and all notes, certificates, instruments, securities and other documentary evidence of the Assigned Assets;

    (b)    All receivables of the Assignor directly related to the Assigned Assets; and

    (c)    All of the rights and interests of the Assignor under all contracts and other agreements to which the Assignor is a party or by which it is bound solely and directly related to the Assigned Assets, and all other rights and causes of action of every kind of the Assignor solely and directly related to the Assigned Assets.

The Assigned Assets initially were assigned and transferred by Assignor to Assignee pursuant to the Initial Assignment. Thereafter, pursuant to that certain Assignment and Assumption Agreement, dated as of November 5, 2007, between Assignee and Assignor (a copy of which is attached hereto as Exhibit B), the Assigned Assets were transferred and conveyed by Assignee back to Assignor. Assignor now desires, pursuant to this Agreement, to again assign and transfer to Assignee the Assigned Assets.

The Assignee hereby assumes and agrees to be bound by all of the liabilities and obligations of the Assignor directly arising from or directly related to the Assigned Assets that first occur or accrue from and after the date of this Agreement. The Assignor shall remain responsible for any such liabilities and obligations that occurred or that are applicable to periods before the date of this Agreement. Any amount related to the Assigned Assets received by the Assignee or the Assignor for the account of the other party shall be remitted to the other party on a timely basis.

The parties acknowledge and agree that the purchase price is subject to mutually agreed upon adjustment due to information that becomes available after the date of this Agreement pertaining to the Assigned Assets.

The Assignor and the Assignee further agree to execute such additional documents from time to time at the request of the other party as may be necessary to accomplish the transfer of assets and assumption of liabilities made under this Agreement.

For the purposes of this Agreement, signatures transmitted by facsimile or pdf. (e-mail) shall have the same force and effect as original signatures.

[SIGNATURES ON FOLLOWING PAGE]

Effective as of the date first written above.

ORIX REAL ESTATE CAPITAL, INC.,
a Delaware corporation

By:
     Name:  David R. Brown
     Title:    President and CEO

**AGREED AND ACCEPTED**
as of the date first written above:

**ORIX CAPITAL MARKETS, LLC,**
a Delaware limited liability company

By:_____
     Name:_____
     Title:_____

Effective as of the date first written above.

ORIX REAL ESTATE CAPITAL, INC.,
a Delaware corporation

By: _____

     Name:   David R. Brown
     Title:    President and CEO

**AGREED AND ACCEPTED**
as of the date first written above:

ORIX CAPITAL MARKETS, LLC,
a Delaware limited liability company

By: _____

     Name: Jeffrey Yarckin
     Title: President and CEO

## EXHIBIT A

## FEBRUARY 28, 2006 ASSIGNMENT AND ASSUMPTION AGREEMENT

[SEE ATTACHED]

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement"), effective as of February 28, 2006, is made and delivered by ORIX REAL ESTATE CAPITAL, INC., a Delaware corporation (the "Company"), to ORIX CAPITAL MARKETS, LLC, a Delaware limited liability company (the "Purchaser").

NOW THEREFORE, for Twenty Three Million Four Hundred Fifty Six Thousand Three Hundred Seventeen and 83/100 Dollars ($23,456,317.83) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Company does hereby sell, convey, transfer, assign and deliver to the Purchaser, free and clear of all liens, mortgages, pledges, encumbrances and charges of every kind, all of the Company's right, title and interest in and to all of the securities, interests, participations and other assets of the Company listed on Schedule A hereto (the "Purchased Assets"), including without limitation:

    (a)    Any and all notes, certificates, instruments, securities and other documentary evidence of the Purchased Assets;

    (b)    All receivables of the Company directly related to the Purchased Assets; and

    (c)    All of the rights and interests of the Company under all contracts and other agreements to which the Company is a party or by which it is bound solely and directly related to the Purchased Assets, and all other rights and causes of action of every kind of the Company solely and directly related to the Purchased Assets.

The Purchaser hereby assumes and agrees to be bound by all of the liabilities and obligations of the Company directly arising from or directly related to the Purchased Assets that first occur or accrue from and after the date of this Agreement. The Company shall remain responsible for any such liabilities and obligations that occurred or that are applicable to periods before the date of this Agreement. Any amount related to the Purchased Assets received by the Purchaser or the Company for the account of the other party shall be remitted to the other party on a timely basis.

The parties acknowledge and agree that the purchase price is subject to mutually agreed upon adjustment due to information that becomes available after the date of this Agreement pertaining to the Purchased Assets.

The Company and the Purchaser further agree to execute such additional documents from time to time at the request of the other party as may be necessary to accomplish the transfer of assets and assumption of liabilities made under this Agreement.

[SIGNATURES ON FOLLOWING PAGE]

Effective as of the date first written above.

ORIX REAL ESTATE CAPITAL, INC., a Delaware
corporation

By: _____
Name:  David R. Brown
Title:  President and CEO


**AGREED AND ACCEPTED**
as of the date first written above:

**ORIX CAPITAL MARKETS, LLC,**
a Delaware limited liability company

By: _____
Name:  Edgar L. Smith, II
Title:  President and COO

CH01/ 12465125.2

## SCHEDULE A

## PURCHASED ASSETS

That certain Loan and Security Agreement dated as of February 28, 2006, by and between The Landings Florida, LLC, a Florida limited liability company ("**Borrower**"), and ORIX Real Estate Capital, Inc., a Delaware corporation ("**OREC**"), and all documents and agreements delivered in connection therewith, including but not limited to:

1. Note, dated as of February 28, 2006, made by Borrower to the order of OREC in the original principal amount of $26,500,000.

2. Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement, dated as of February 28, 2006, made by Borrower for the benefit of OREC.

3. Assignment of Rents, Leases and Other Income dated as of February 28, 2006 by Borrower in favor of OREC.

4. Authorization to File UCC Financing Statements dated as of February 28, 2006 made by Borrower to OREC.

5. Guaranty (Payment), dated as of February 28, 2006, by Commercial Ventures, Inc., a Delaware corporation, for the benefit of OREC.

6. Guaranty (Carveout), dated as of February 28, 2006, by Richard J. Nathan for the benefit of OREC.

7. Environmental Indemnity Agreement, dated as of February 28, 2006, by Borrower and Richard J. Nathan to and for the benefit of OREC.

8. Post-Closing Agreement, dated as of February 28, 2006, between Borrower and OREC.

9. Agreement Re: Blocked Accounts dated as of February 28, 2006 made by and among Borrower, OREC and LaSalle Bank National Association.

10. Negative Pledge Agreement dated as of February 28, 2006 made by The Landings Florida Member, LLC in favor of OREC.

11. Subordination of Management Agreement and Waiver of Management Liens dated as of February 28, 2006 made by GREP Southeast, LLC-Management Series and Borrower in favor of OREC.

12. Collateral Assignment of Undertakings and Purchase Agreement dated as of February 28, 2006 by and between Borrower and OREC.

13. Letter to Lender dated as of February 28, 2006 from Borrower, Commercial Ventures, Inc. and Richard J. Nathan and countersigned by escrowee authorizing Lender to wire.

CH01/ 12465125.2

**EXHIBIT B**

**NOVEMBER 5, 2007 ASSIGNMENT AND ASSUMPTION AGREEMENT**

[SEE ATTACHED]

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement"), effective as of November 5, 2007, is made and delivered by ORIX CAPITAL MARKETS, LLC, a Delaware limited liability company (the "Assignor"), to ORIX REAL ESTATE CAPITAL, INC., a Delaware corporation (the "Assignee").

NOW THEREFORE, for Ten and No/100 Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor does hereby sell, convey, transfer, assign and deliver to the Assignee, free and clear of all liens, mortgages, pledges, encumbrances and charges of every kind, all of the Assignor's right, title and interest in and to all of the securities, interests, participations and other assets of the Assignor listed on Schedule A of that certain Assignment and Assumption Agreement, dated as of February 28, 2006 (a copy of which is attached hereto as Exhibit A), between Assignee and Assignor (the "Assigned Assets"), including without limitation:

(a)     Any and all notes, certificates, instruments, securities and other documentary evidence of the Assigned Assets;

(b)     All receivables of the Assignor directly related to the Assigned Assets; and

(c)     All of the rights and interests of the Assignor under all contracts and other agreements to which the Assignor is a party or by which it is bound solely and directly related to the Assigned Assets, and all other rights and causes of action of every kind of the Assignor solely and directly related to the Assigned Assets.

The Assignee hereby assumes and agrees to be bound by all of the liabilities and obligations of the Assignor directly arising from or directly related to the Assigned Assets that first occur or accrue from and after the date of this Agreement. The Assignor shall remain responsible for any such liabilities and obligations that occurred or that are applicable to periods before the date of this Agreement. Any amount related to the Assigned Assets received by the Assignee or the Assignor for the account of the other party shall be remitted to the other party on a timely basis.

The parties acknowledge and agree that the purchase price is subject to mutually agreed upon adjustment due to information that becomes available after the date of this Agreement pertaining to the Assigned Assets.

The Assignor and the Assignee further agree to execute such additional documents from time to time at the request of the other party as may be necessary to accomplish the transfer of assets and assumption of liabilities made under this Agreement.

For the purposes of this Agreement, signatures transmitted by facsimile or pdf. (e-mail) shall have the same force and effect as original signatures.

[SIGNATURES ON FOLLOWING PAGE]

Effective as of the date first written above.

ORIX CAPITAL MARKETS, LLC,
a Delaware limited liability company

By: _____
Name: Jeffrey Verdin
Title: President and CEO

AGREED AND ACCEPTED
as of the date first written above:

ORIX REAL ESTATE CAPITAL, INC.,
a Delaware corporation

By: _____
Name: David R. Brown
Title: President and CEO

Effective as of the date first written above.

ORIX CAPITAL MARKETS, LLC,
a Delaware limited liability company

By:_____
      Name:_____
      Title:_____

AGREED AND ACCEPTED
as of the date first written above:

ORIX REAL ESTATE CAPITAL, INC.,
a Delaware corporation

By:_____
      Name:  David R. Brown
      Title:    President and CEO

## EXHIBIT A

### FEBRUARY 28, 2006 ASSIGNMENT AND ASSUMPTION AGREEMENT

[SEE ATTACHED]

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement"), effective as of February 28, 2006, is made and delivered by **ORIX REAL ESTATE CAPITAL, INC.**, a Delaware corporation (the "**Company**"), to **ORIX CAPITAL MARKETS, LLC**, a Delaware limited liability company (the "**Purchaser**").

NOW **THEREFORE**, for Twenty Three Million Four Hundred Fifty Six Thousand Three Hundred Seventeen and 83/100 Dollars ($23,456,317.83) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Company does hereby sell, convey, transfer, assign and deliver to the Purchaser, free and clear of all liens, mortgages, pledges, encumbrances and charges of every kind, all of the Company's right, title and interest in and to all of the securities, interests, participations and other assets of the Company listed on Schedule A hereto (the "**Purchased Assets**"), including without limitation:

(a)     Any and all notes, certificates, instruments, securities and other documentary evidence of the Purchased Assets;

(b)     All receivables of the Company directly related to the Purchased Assets; and

(c)     All of the rights and interests of the Company under all contracts and other agreements to which the Company is a party or by which it is bound solely and directly related to the Purchased Assets, and all other rights and causes of action of every kind of the Company solely and directly related to the Purchased Assets.

The Purchaser hereby assumes and agrees to be bound by all of the liabilities and obligations of the Company directly arising from or directly related to the Purchased Assets that first occur or accrue from and after the date of this Agreement. The Company shall remain responsible for any such liabilities and obligations that occurred or that are applicable to periods before the date of this Agreement. Any amount related to the Purchased Assets received by the Purchaser or the Company for the account of the other party shall be remitted to the other party on a timely basis.

The parties acknowledge and agree that the purchase price is subject to mutually agreed upon adjustment due to information that becomes available after the date of this Agreement pertaining to the Purchased Assets.

The Company and the Purchaser further agree to execute such additional documents from time to time at the request of the other party as may be necessary to accomplish the transfer of assets and assumption of liabilities made under this Agreement.

[SIGNATURES ON FOLLOWING PAGE]

Effective as of the date first written above.

ORIX REAL ESTATE CAPITAL, INC., a Delaware
corporation

By: _____

     Name:  David R. Brown
     Title:   President and CEO

**AGREED AND ACCEPTED**
as of the date first written above:

**ORIX CAPITAL MARKETS, LLC,**
a Delaware limited liability company

By: _____

     Name:  Edgar L. Smith, II
     Title:   President and COO

## SCHEDULE A

## PURCHASED ASSETS

That certain Loan and Security Agreement dated as of February 28, 2006, by and between The Landings Florida, LLC, a Florida limited liability company ("**Borrower**"), and ORIX Real Estate Capital, Inc., a Delaware corporation ("**OREC**"), and all documents and agreements delivered in connection therewith, including but not limited to:

1.  Note, dated as of February 28, 2006, made by Borrower to the order of OREC in the original principal amount of $26,500,000.

2.  Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement, dated as of February 28, 2006, made by Borrower for the benefit of OREC.

3.  Assignment of Rents, Leases and Other Income dated as of February 28, 2006 by Borrower in favor of OREC.

4.  Authorization to File UCC Financing Statements dated as of February 28, 2006 made by Borrower to OREC.

5.  Guaranty (Payment), dated as of February 28, 2006, by Commercial Ventures, Inc., a Delaware corporation, for the benefit of OREC.

6.  Guaranty (Carveout), dated as of February 28, 2006, by Richard J. Nathan for the benefit of OREC.

7.  Environmental Indemnity Agreement, dated as of February 28, 2006, by Borrower and Richard J. Nathan to and for the benefit of OREC.

8.  Post-Closing Agreement, dated as of February 28, 2006, between Borrower and OREC.

9.  Agreement Re: Blocked Accounts dated as of February 28, 2006 made by and among Borrower, OREC and LaSalle Bank National Association.

10. Negative Pledge Agreement dated as of February 28, 2006 made by The Landings Florida Member, LLC in favor of OREC.

11. Subordination of Management Agreement and Waiver of Management Liens dated as of February 28, 2006 made by GREP Southeast, LLC-Management Series and Borrower in favor of OREC.

12. Collateral Assignment of Undertakings and Purchase Agreement dated as of February 28, 2006 by and between Borrower and OREC.

13. Letter to Lender dated as of February 28, 2006 from Borrower, Commercial Ventures, Inc. and Richard J. Nathan and countersigned by escrowee authorizing Lender to wire.

CH01/ 12465125.2

# EXHIBIT O

## ALLONGE TO NOTE

This Allonge to Note is attached to and made a part of that certain Note, dated as of February 28, 2006, made by The Landings Florida, LLC, a Florida limited liability company, to the order of ORIX Real Estate Capital, Inc., in the original principal amount of $26,500,000.

Pay to the order of ORIX Capital Markets, LLC, a Delaware limited liability company, without recourse, warranty or representation.

ASSIGNOR:

**ORIX REAL ESTATE CAPITAL, INC.**, a Delaware corporation

By: _____
Its: _____
David R. Brown
President & CEO

Dated: As of November 30, 2007

(CHICAGO)_1029246_1 1/20/04 9:58 AM

# EXHIBIT P

BK 4 8 4 6 7 PG 0 4 3 3

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA.

2007 DEC -3 AM 8: 29

TOM LAWLER. CLERK

**309825**

---

Space Above For Recorder's Use

---

| AFTER RECORDING RETURN TO: | PLEASE CROSS REFERENCE TO: |
|---|---|
| Kilpatrick Stockton LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309-4530<br>Attention: Peter B. Glass, Esq. | **Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement** dated February 28, 2006, recorded in **Deed Book 46210, Page 9,** Gwinnett County, Georgia Records; and **Assignment of Rents, Leases and Other Income** dated February 28, 2006, recorded in **Deed Book 46210, Page 30** Gwinnett County, Georgia Records |

---

## TRANSFER AND ASSIGNMENT
## OF
## DEED TO SECURE DEBT, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT
## AND OF
## ASSIGNMENT OF RENTS, LEASES AND OTHER INCOME

THIS TRANSFER AND ASSIGNMENT OF DEED TO SECURE DEBT, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT AND OF ASSIGNMENT OF RENTS, LEASES AND OTHER INCOME (the *"Assignment"*) is made and executed this 30th day of November, 2007, by **ORIX REAL ESTATE CAPITAL, INC.**, a Delaware corporation (*"Assignor"*), having as its address 100 North Riverside Plaza, Suite 1400, Chicago, Illinois 60606, to and for the benefit of **ORIX CAPITAL MARKETS, LLC**, a Delaware limited liability company (*"Assignee"*), having as its address 100 North Riverside Plaza, Suite 1400, Chicago, Illinois 60606.

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) in hand paid and other good and valuable considerations, the receipt and sufficiency whereof are hereby acknowledged, Assignor hereby grants, bargains, sells, conveys, assigns and transfers to Assignee all of Assignor's rights, titles and interests in and to the following (collectively, the *"Assigned Instruments"*):

1.    That certain Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement made as of February 28, 2006, by The Landings Florida, LLC, a Florida limited liability company, as "Grantor" therein, and ORIX Real Estate Capital, Inc., a Delaware corporation as

1

US2000 10467660.1

0162517

12

BK 4 8 4 6 7 PG 0 4 3 4

"Grantee" therein, filed and recorded March 2, 2006, in Deed Book 46210, Page 9, Records of the Clerk of the Superior Court of Gwinnett County, Georgia;

2.    That certain Assignment of Rents, Leases and Other Income made as of February 28, 2006, by The Landings Florida, LLC, a Florida limited liability company, as "Assignor" therein, and ORIX Real Estate Capital, Inc., a Delaware corporation, as "Assignee" therein, filed and recorded March 2, 2006, in Deed Book 46210, Page 30, Records of the Clerk of the Superior Court of Gwinnett County, Georgia; and

3.    That certain Loan and Security Agreement dated as of February 28, 2006, by and between The Landings Florida, LLC, a Florida limited liability company, as "Borrower" therein, and ORIX Real Estate Capital, Inc., a Delaware corporation, as "Lender" therein, as amended by that certain First Amendment to Loan and Security Agreement dated as of May, 2007, by and between The Landings Florida, LLC, a Florida limited liability company, as "Borrower" therein, ORIX Real Estate Capital, Inc., a Delaware corporation, as "Lender" therein, and Commercial Ventures, Inc., a Delaware corporation, and Richard J. Nathan, together as "Guarantors" therein (said Loan and Security Agreement as thus amended being herein called the *Amended Loan Agreement*," together with all other "Loan Documents" as defined in the Amended Loan Agreement.

Assignee hereby accepts and takes the aforesaid grant, bargain, sale, conveyance, assignment and transfer of the Assigned Instruments.

This Assignment: (a) shall be governed by and construed in accordance with the laws of the State of Georgia; (b) shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns; and (c) shall be effective as of the date first above written. Time is of the essence of this Assignment.

IN WITNESS WHEREOF, the undersigned Assignor has caused this Assignment to be executed by Assignor's duly authorized and empowered officer and delivered to Assignee on the date first above written.

Signed, sealed and delivered in the presence of:

_Noreen Rayden_
Witness

_Maja Spahovic_
Notary Public

My commission expires: 1/22/09

[Notary Seal]

**ASSIGNOR**

ORIX REAL ESTATE CAPITAL, INC., a Delaware corporation

By: _____

Name:  **David R. Brown**
       **President & CEO**

Title: _____

"OFFICIAL SEAL"
MAJA SPAHOVIC
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 01/22/2009

US2000 10467668

2

# EXHIBIT Q

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2008 FEB 19 AM 9:17

TOM LAWLER, CLERK

ORIX CAPITAL MARKETS, LLC,    )
                              )
        Petitioner,           )
                              )
    vs.                       )        Civil Action File No. 07A-11010-9
                              )
THE LANDINGS FLORIDA, LLC,    )
COMMERCIAL VENTURES, INC. and )
RICHARD J. NATHAN,            )
                              )
        Respondents.          )

## ORDER CONFIRMING FORECLOSURE SALE

Upon consideration of the arguments of counsel, pleadings, testimony and documentary evidence, and after conducting a full evidentiary hearing, the Court hereby FINDS as follows:

1.      That this is a proceeding to confirm the foreclosure sale of real property and improvements described in that certain Deed Under Power of Sale dated December 4, 2007, recorded in Deed Book 48471, beginning at Page 243 in the Office of the Clerk of the Superior Court of Gwinnett County, Georgia, and located at 3659 Peachtree Corners Circle in Norcross, Georgia (the "Property").

2.      That each of Respondents, The Landings Florida, LLC, Commercial Ventures, Inc. and Richard J. Nathan, were served with notice (the Order Vacating January 22, 2008 Order and Regarding Hearing on Application for Confirmation and Approval of Foreclosure Under Power of Sale dated January 24, 2008, the Order Confirming Foreclosure Sale dated January 22, 2008, the Order Regarding Hearing on Application for Confirmation and Approval of Foreclosure Under Power of Sale dated December 12, 2007 and the Report of

Foreclosure Under Power of Sale and Application for Confirmation and Approval of Such

Foreclosure Sale dated December 12, 2007) at least ten days prior to the hearing.

    3.    That the foreclosure sale was advertised and noticed in accordance with the

statutory requirements under O.C.G.A. §§ 44-14-161, 44-14-162 and 9-13-140:

    (a)    That the foreclosure sale was advertised in the <u>Gwinnett Daily Post</u>,

Gwinnett County's legal organ, once a week for four consecutive weeks immediately prior to

the foreclosure sale; and

    (b)    That the advertisement contained a full and complete legal description

of the Property.

    4.    That Petitioner complied with the statutory requirements regarding regularity

of the sale under O.C.G.A. §§ 9-13-161 and 44-14-162:

    (a)    That the sale occurred on December 4, 2007, which was the first

Tuesday in the month of December, 2007;

    (b)    That the sale occurred between the hours of 10:00 a.m. and 4:00 p.m.;

    (c)    That the sale was conducted before the courthouse door at the Gwinnett

County Courthouse, which is the place where sheriff's sales are conducted; and

    (d)    That the sale was conducted in the usual manner of sheriff's sales in

Gwinnett County.

    5.    That the price paid for the Property at the sale was equal to or greater than the

true market value, i.e., fair market value, of the property on December 4, 2007.

    Based on these findings, it is hereby ORDERED as follows:

    1.    That the foreclosure sale is CONFIRMED.

2.     That Petitioner may pursue Respondents (The Landings Florida, LLC, Commercial Ventures, Inc. and Richard J. Nathan) for any deficiency between the sales price and the outstanding debt, which the Property secured.

SO ORDERED, this 19th day of February, 2008.

_____
Judge Tom Davis
Superior Court of Gwinnett County

Submitted by:

Jill Warner
Georgia Bar No. 378472
Peter B. Glass
Georgia Bar No. 296500
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street, NE
Atlanta, Georgia 30309
(404) 815-6500

Attorneys for Petitioner
ORIX Capital Markets, LLC

3