JUDGE NORGLE
MAGISTRATE JUDGE ASHMAN

08 C 1129

# EXHIBIT L



**KILPATRICK STOCKTON LLP**

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

November 5, 2007

direct dial 404 815 6109
PGlass@KilpatrickStockton.com

**VIA OVERNIGHT COURIER SERVICE
FOR NEXT BUSINESS DAY DELIVERY
AND FASCIMILE (310) 207-8497**
The Landings Florida, LLC
c/o Commercial Ventures, Inc.
12100 Wilshire Blvd., Suite 250
Los Angeles, California 90025
Attention: Richard Nathan and Greg Beach

**VIA OVERNIGHT COURIER SERVICE
FOR NEXT BUSINESS DAY DELIVERY
AND FASCIMILE (310) 207-8497**
Commercial Ventures, Inc.
12100 Wilshire Blvd., Suite 250
Los Angeles, California 90025
Attention: Richard Nathan and Greg Beach

**VIA OVERNIGHT COURIER SERVICE
FOR NEXT BUSINESS DAY DELIVERY
AND FASCIMILE (213) 229-2870**
Shumaker Steckbauer Weinhart,
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
Attn: Brian Weinhart

**VIA OVERNIGHT COURIER SERVICE
FOR NEXT BUSINESS DAY DELIVERY
AND FASCIMILE (310) 207-8497**
Mr. Richard J. Nathan
314 Cliffwood Drive
Los Angeles, California 90049

Re:   Loan (the "*Loan*") in the original stated principal amount of $26,500,000.00,
from ORIX REAL ESTATE CAPITAL, INC., a Delaware corporation
("*Lender*") to THE LANDINGS FLORIDA, LLC, a Florida limited liability
company ("*Borrower*"), closed as of February 28, 2006

Ladies and Gentlemen:

This firm, together with the firm of Drinker Bidddle Garnder Carton ("*DBGC*"),
represents Lender with respect to the Loan and the transactions relating to the Loan.

Terms used herein, but which are not otherwise defined shall have the meanings ascribed
thereto as set forth in that certain letter dated October 9, 2007 (the "*Borrower Default Notice*"),
from DBGC to Borrower.  For your easy reference, a copy of the Borrower Default Notice is
attached hereto as <u>Exhibit A</u> and is incorporated herein by this reference.

Lender is the owner and holder of the Loan and the Loan Documents.

In the Borrower Default Notice and in letters each dated October 9, 2007 and each from
DBGC (collectively, the "*Other Default Notices*") to Borrower, to Commercial Ventures, Inc.
("*CVI*"), to Richard J. Nathan ("*Nathan*," and together with CVI, "*Guarantors*") and to

US2000 10419193.3

ATLANTA  AUGUSTA  CHARLOTTE  LONDON  NEW YORK  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM

The Landings Florida, LLC
November 5, 2007
Page 2

Borrower and Brentwood Asset Management and Advisory Group, LLC ("**BAM**"), each of Borrower, CVI, Nathan and BAM were given notice that Events of Default under the Loan Documents had occurred and were continuing. For your easy reference, copies of each of the Other Default Notices are attached hereto as <u>Exhibit B</u>, <u>Exhibit C</u> and <u>Exhibit D</u>, respectively, and are by this reference incorporated herein..

     The Events of Default described in the Borrower Default Notice are continuing, and other Defaults and/or Events of Default have occurred and are continuing, specifically including,(without limitation or prejudice to Lender's rights to assert any other Defaults and/or Events of Default not enumerated herein, the following: (a) Borrower failed to pay within five (5) days of the date due the amounts due and owing on October 1, 2007 under the Note and the other Loan Documents; (b) Borrower failed to pay the amounts due and owing on November 1, 2007 under the Note and the other Loan Documents; (c) Borrower suffered and permitted Transfers of portions of the Property and the Collateral as evidenced by the existence of the liens filed against and encumbering portions of the Property and the Collateral, specifically including, without limitation, those liens (collectively, the "*Specified Liens*") described on <u>Exhibit E</u> attached hereto and incorporated herein by this reference; (d) Borrower suffered and permitted mechanic's liens and other liens and claims to be filed and asserted against portions of the Property, specifically including, without limitation, the Specified Liens, and did not promptly discharge same after claims for liens and proceedings for the enforcement thereof were filed and commenced; (e) Borrower failed to pay all Impositions before the same became delinquent, specifically including, without limitation, 2007 ad valorem property taxes assessed by Gwinnett County, Georgia against portions of the Property which were due and payable no later than September 15, 2007; (f) Borrower suffered and permitted Transfers of portions of the Property and the Collateral as evidenced by the existence of the tax lien encumbering portions of the Property and the Collateral because Borrower failed to pay 2007 ad valorem property taxes assessed by Gwinnett County, Georgia against portions of the Property which were due and payable no later than September 15, 2007; (g) representations and warranties made and given pursuant to the First Amendment by Borrower were untrue in material respects at the time which such representations and warranties were made and affirmed and when such First Amendment was delivered because of the existence of those Specified Liens which were filed prior to the First Amendment.

     Section 2.1 of the Note states:

     "If (a) an Event of Default occurs or (b) the right to enforce the Mortgage shall accrue to the holder thereof, whether or not foreclosure proceedings have been commenced, then, at the election of the holder of this Note and without notice, the unpaid principal sum of this Note, together with accrued interest thereon, Additional Interest, if any, and all other fees and charges payable under the Loan Documents shall at once become immediately due and payable."

The Landings Florida, LLC
November 5, 2007
Page 3

Similarly, Section 6 of the Deed to Secure Debt states:

> "Upon the occurrence of any Event of Default, then and in every such case the whole of the Secured Obligations shall, at once, at the option of Lender, become immediately due and payable without any presentment, demand, protest or notice of any kind. Without limiting the foregoing Grantor expressly acknowledges and affirms that any Transfer that is not permitted under the Loan Documents constitutes an Event of Default which would give rise to Lender's right to accelerate the Secured Obligations."

Events of Default having occurred and continuing, we, for and on behalf of Lender, hereby notify you that Lender has exercised its option to accelerate and declare due and immediately payable the unpaid principal sum of the Note, together with accrued interest thereon, Additional Interest, if any, and all other fees and charges payable under the Loan Documents and the whole of the Secured Obligations.

Section 2.3.4 of the Loan Agreement provides:

> "If any payment due on any Schedule Payment Date or any other amount due hereunder (other than the principal amount due on the Maturity Date) is not made within ten (10) days of the Scheduled Payment Date, or, as applicable, ten (10) days (or such earlier time as may be specified herein) after request for payment by Lender, Lender, at its option and in addition to any other remedy available to Lender, may impose a late payment fee, which Borrower covenants to pay upon demand calculated at the rate of five percent (5%) of the amount of such delinquent payment or deposit [hereinafter referred to as *Late Payment Fee*"]. Without limiting the foregoing, any late payment fee shall be paid without prejudice to the right of Lender to collect any other amounts provided to be paid upon an Event of Default, including without limitation any other amounts due at the Default Rate, or to declare a default hereunder under any of the other Loan Documents."

Demand is hereby made for payment of each Late Payment Fee due under Section 2.3.4 of the Loan Agreement.

Section 2.2 of the Note states as follows: "Following the occurrence of an Event of Default, the unpaid principal balance of the Loan shall bear interest at the Default Rate." Additionally, Section 2.3.1(c) of the Loan Agreement provides in relevant part:

> "Following the occurrence of an Event of Default, interest shall be computed at,

The Landings Florida, LLC
November 5, 2007
Page 4

and Borrower shall pay interest on the unpaid principal balance of the Loan at, the Default Rate until such Event of Default has been cured to Lender's satisfaction. All other payments, reimbursements and other amounts due from Borrower to Lender under the Loan Documents not paid when due shall bear interest at the Default Rate from the date when due until the date when received by the Lender."

You are hereby notified that interest calculated at the Default Rate on the unpaid principal balance of the Loan began to accrue upon the occurrence of the first Event of Default and began to accrue on all other payments, reimbursements and other amounts due from Borrower to Lender under the Loan Documents when such amounts were not paid when due. In each case, interest shall continue to accrue at the Default Rate on such amounts until payment in full of the Loan and all Secured Obligations is received by Lender. Demand is hereby made for the payment of all amounts of accrued but unpaid interest calculated at the Default Rate due and payable in accordance with the terms of the Loan Documents.

Section 1.1.3(e) of the Loan Agreement provides that if the Loan is paid in full after the Lockout Period whether by prepayment or upon maturity, the "Exit Fee" is equal to "one percent (1%) of the Loan Amount less any portion thereof paid in connection with any previous prepayments." The maturity of the Loan having been accelerated as hereinabove provided, demand is hereby made for the payment of all Indebtedness due under the Loan Documents, specifically including, without limitation, the Exit Fee.

All of Lender's claims, demands and accruals regarding the Secured Obligations, whenever made, whether for principal, interest or otherwise, are intended to comply in all respects, both independently and collectively, with applicable usury laws, and are accordingly limited so that applicable usury laws are not violated.

Lender reserves the right to exercise, in such order as Lender elects, any one or more of the remedies available to Lender under the Loan Documents or otherwise at law or in equity, and nothing contained in this letter shall constitute a waiver of any rights of Lender to pursue such rights and remedies. Without limiting the generality of the foregoing, you are hereby notified that Lender shall commence non-judicial foreclosure proceedings against the Property. Please be further advised that no past or future delay or omission in the exercise of any right or remedy accruing to Lender as a result of any Default or any Event of Default is intended to constitute a waiver of any right or remedy accruing to Lender as a result of that Default or any other Default or that Event of Default or any other Event of Default.

Payment to Lender in an amount less than all amounts due under the Loan Documents, together with all interest accrued thereon at the Default Rate as aforesaid, should not be construed as an accord and satisfaction or as Lender's agreement to accept a lesser amount as payment in full of all amounts due under the Loan Documents. Lender's acceptance of any endorsement or statement on any check evidencing a payment or letter accompanying a payment

The Landings Florida, LLC
November 5, 2007
Page 5

may not be deemed to be an accord and satisfaction, and is not and shall not be deemed to be binding upon Lender. Lender may accept any such payment or check without prejudice to its rights to receive the balance of all amounts due under the Loan Documents or to pursue its remedies.

Please note that we have no obligation or duty to inform Borrower or Guarantors, or any other obligor under any of the other Loan Documents, of Lender's intention to exercise its rights and remedies. We are, however, doing so in this letter as an accommodation to Borrower and Guarantors. Borrower and Guarantors shall not be entitled to expect notice in the future of Lender's elections or specifications of Borrower's and Guarantors' obligations under any of the Loan Documents by reason of Lender's election to provide the notices and specifications set forth in this letter.

Neither this letter nor any statement by or on behalf of Lender as to the amounts due and owing under any of the Loan Documents: (i) shall constitute a waiver of any rights of Lender to collect any additional amounts to which Lender may be lawfully entitled pursuant to the terms of the Loan Documents, or otherwise at law or in equity; or (ii) shall constitute an offer to settle or waive any rights of Lender under any of the Loan Documents.

Please accept this letter as notice to the addressees hereof that copies of all Notices to Lender under any of the Loan Documents should be sent to this firm, to the attention of the undersigned, as Lender's Counsel in addition to, and not in substitution for, DBGC. The address and facsimile number for this firm are set forth on the first page of this letter.

You are hereby notified that Lender shall strictly enforce the Loan Documents in accordance with their respective terms.

Sincerely,

Peter B. Glass

cc: Mr. Chuck Crouch (via e-mail)
Mr. Mark Pakes
Michael E. Mermall, Esq.
Tom Biafore, Esq.
Bill McMillan, Esq.
Lindsey M. Kesler, Esq.

US2000 10419193.3

## EXHIBIT A

Borrower Default Notice

*[See attached]*

# DrinkerBiddle GardnerCarton

Michael E. Mennall
Partner
(312) 569-1448 Direct
(312) 569-3448 Fax
Michael.Mennall@dbr.com

*Law Offices*
11 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1600 phone
312-569-3000 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

October 9, 2007

***Via Facsimile and Overnight Courier***

The Landings Florida, LLC
c/o Commercial Ventures, Inc.
12100 Wilshire Blvd., Suite 250
Los Angeles, CA 90025
Attn: Richard Nathan and Greg Beach

Re:     $26,500,000 Loan ("Loan") to The Landings Florida, LLC ("Borrower") made by
        ORIX Real Estate Capital, Inc.

Please be advised that this law firm has been engaged by ORIX Real Estate Capital, Inc., for itself and on behalf of the holder of the Loan Documents (as hereinafter defined) ("Lender") with respect to the above-captioned Loan. The Loan is evidenced and secured by, *inter alia*, (i) a Note ("Note") in the amount of $26,500,000 dated as of February 28, 2006, (ii) a Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement ("Deed to Secure Debt") dated as of February 28, 2006, (iii) a Loan and Security Agreement ("Loan Agreement") dated as of February 28, 2006, (iv) a Guaranty (Payment) ("Payment Guaranty") dated as of February 28, 2006, (v) a Guaranty (Carveout) ("Carveout Guaranty") dated as of February 28, 2006, (vi) an Environmental Indemnity Agreement ("Environmental Indemnity") dated as of February 28, 2006, (vii) a Subordination of Management Agreement and Waiver of Management Liens ("Subordination of Management Agreement") dated as of February 28, 2006, (viii) an Agreement Re: Blocked Accounts ("Blocked Account Agreement") dated as of February 28, 2006, (ix) an Assignment of Rents, Leases and Other Income ("Assignment of Rents") dated as of February 28, 2006, and (x) a Negative Pledge Agreement ("Negative Pledge") dated as of February 28, 2006. The Loan is further evidenced by a First Amendment to Loan and Security Agreement and Guaranty (Payment) and Reaffirmation of Guaranties ("First Amendment") dated as of May, 2007. The Note, Deed to Secure Debt, Loan Agreement, Payment Guaranty, Carveout Guaranty, Environmental Indemnity, Subordination of Management Agreement, Blocked Account Agreement, Assignment of Rents, Negative Pledge, First Amendment and all other documents, agreements, certificates or instruments evidencing or securing or which guaranty the Loan or executed in connection with the Loan whether on or about the closing date of the Loan or thereafter, and any modifications, renewals or extensions thereof shall hereinafter be referred to as the "Loan Documents." All capitalized terms used herein and not otherwise defined shall have the meanings given them in the Loan Agreement.

This letter constitutes Lender's notice to Borrower (and, via a copy of this letter to Richard J. Nathan, the guarantor under the Carveout Guaranty, and, via a copy of this letter to Commercial Ventures, Inc., the guarantor under the Payment Guaranty) of the occurrence and existence of certain Events of Default under the terms of the Loan Documents. Among and without prejudice to any other Defaults and/or Events of Default not enumerated herein, Borrower has failed to pay monies due and owing under the Loan Documents and has failed

e & Reath LLP
established 1849

The Landings Florida, LLC
October 9, 2007
Page 2

to cause all Revenues to be deposited to the Blocked Account. Other events may have occurred which constitute Events of Default under the Loan Documents, and Lender reserves the right to assert the existence of other and additional Events of Default, regardless of Lender's current knowledge of any such additional Events of Default.

Since the occurrence of the above-referenced Events of Default, interest on the entire unpaid balance of the Loan has been accruing at the Default Rate and will continue to do so as provided in the Loan Agreement. Furthermore, Lender reserves the right, in its sole and absolute discretion, at any time and from time to time and without limitation of any reservations and limitations, to take any and all other actions, and to exercise any and all other rights and remedies, in respect of the aforedescribed Events of Default and any other Event of Default (whether presently known or unknown to Lender) as Lender may consider necessary, appropriate or useful. Lender's rights and remedies include, without limitation, acceleration of the Loan and the Note and all Indebtedness thereunder, foreclosure under the Deed to Secure Debt, the charging of late fees, and other actions against the assets and properties of Borrower. Further, Lender will look to Borrower and the Guarantors for payment of any and all losses, damages, costs, fees and expenses, including attorneys' fees, incurred by Lender and payment of all other amounts that are or become due and payable under the Loan Documents, all of which are hereby reserved by Lender. Nothing contained herein is intended to or shall limit or restrict any rights or remedies available to Lender on account of the aforementioned Events of Default under the Loan Documents, at law or in equity.

Additionally, please be advised that Borrower remains obligated to cause all Revenues to be deposited into the Blocked Account.

In the event you have any questions concerning this letter, you may either contact the undersigned or Daniel Palmer at Lender (312-669-6438).

Sincerely,

Michael E. Metzhall, Esq.

cc:     Commercial Ventures, Inc.
        Richard J. Nathan
        Brian Weinhart, Esq.
        Michael J. Moran, Esq.
        Daniel Palmer

CH02/22500745.1

The Landings Florida, LLC
November 5, 2007
Page 2

## **EXHIBIT B**

Letter dated October 9, 2007, from DBGC to CVI

*[See attached]*

# DrinkerBiddle rater Carton

Michael E. Mermall
Partner
(312) 569-1448 Direct
(312) 569-3448 Fax
Michael.Mermall@dbr.com

*Law Offices*

1 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1000 phone
312-569-3000 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

October 9, 2007

## *Via Facsimile and Overnight Courier*

Commercial Ventures, Inc.
12100 Wilshire Blvd., Suite 250
Los Angeles, CA 90025
Attn:  Richard Nathan and Greg Beach

Re:  $26,500,000 Loan ("Loan") to The Landings Florida, LLC ("Borrower") made by ORIX Real Estate Capital, Inc.

Gentlemen:

Please be advised that this law firm has been engaged by ORIX Real Estate Capital, Inc., for itself and on behalf of the holder of the Loan Documents (as hereinafter defined) ("Lender") with respect to the above-captioned Loan.  In connection with the Loan, Commercial Ventures, Inc. ("CVI") entered into that certain Guaranty (Payment) ("Payment Guaranty") dated as of February 28, 2006 for the benefit of Lender.

This letter is written to notify CVI that there are one or more Events of Default under the Loan (a copy of Lender's notice to Borrower is enclosed for your reference).  As Guarantor under the Payment Guaranty, CVI may currently have liability to Lender and may become additionally liable to Lender in the future.

Lender reserves the right, in its sole and absolute discretion, at any time and from time to time and without limitation of any reservations and limitations, to take any and all actions, and to exercise any and all rights and remedies, in respect of the Payment Guaranty for any matters described therein (whether presently known or unknown to Lender) as Lender may consider necessary, appropriate or useful.  Lender's rights and remedies include, without limitation, taking one or more actions against the assets of CVI.  Further, Lender will look to CVI for payment of any and all losses, damages, costs, fees and expenses, including attorneys' fees, incurred by Lender and payment of all other amounts that are or become due and payable under the Payment Guaranty (including repayment of certain Indebtedness under the Loan), all of which are hereby reserved by Lender.  Nothing contained herein is intended to or shall limit or restrict any rights or remedies available to Lender on account of the aforementioned Events of Default under the Loan Documents (including, without limitation the Payment Guaranty), at law or in equity.

Drinker Biddle & Reath LLP
Established 1849

Commercial Ventures, Inc.
October 9, 2007
Page 2

In the event you have any questions concerning this letter, you may either contact the undersigned or Daniel Palmer at Lender (312-669-6438).

Sincerely,

Michael E. Mermall, Esq.

cc:    Richard J. Nathan
       Brian Weinhart, Esq.
       Michael J. Moran, Esq.
       Daniel Palmer

CH02/22500747.1

The Landings Florida, LLC
November 5, 2007
Page 3

**EXHIBIT C**

Letter dated October 9, 2007, from DBGC to Nathan

[*See attached*]

**DrinkerBiddle** | **GardnerCarton**

Michael E. Mermall
Partner
(312) 569-1448 Direct
(312) 569-3448 Fax
Michael.Mermall@dbr.com

Law Offices

191 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1000 phone
312-569-3000 fax
ww.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

October 9, 2007

_Via Facsimile and Overnight Courier_

Mr. Richard J. Nathan
314 Cliffwood Drive
Los Angeles, CA 90049

Re:     $26,500,000 Loan ("Loan") to The Landings Florida, LLC ("Borrower") made by
        ORIX Real Estate Capital, Inc.

Dear Mr. Nathan:

Please be advised that this law firm has been engaged by ORIX Real Estate Capital, Inc., for itself and on behalf of the holder of the Loan Documents (as hereinafter defined) ("Lender") with respect to the above-captioned Loan. In connection with the Loan, you entered into that certain Guaranty (Carveout) ("Carveout Guaranty") dated as of February 28, 2006 for the benefit of Lender.

This letter is written to notify you that there are one or more Events of Default under the Loan (a copy of Lender's notice to Borrower is enclosed for your reference). As Guarantor under the Carveout Guaranty, you may currently have liability to Lender and may become additionally liable to Lender in the future.

Lender reserves the right, in its sole and absolute discretion, at any time and from time to time and without limitation of any reservations and limitations, to take any and all actions, and to exercise any and all rights and remedies, in respect of the Carveout Guaranty for any matters described therein (whether presently known or unknown to Lender) as Lender may consider necessary, appropriate or useful. Lender's rights and remedies include, without limitation, taking one or more actions against you and/or your assets. Further, Lender will look to you for payment of any and all losses, damages, costs, fees and expenses, including attorneys' fees, incurred by Lender and payment of all other amounts that are or become due and payable under the Carveout Guaranty (including, if applicable, repayment of all Indebtedness under the Loan), all of which are hereby reserved by Lender. Nothing contained herein is intended to or shall limit or restrict any rights or remedies available to Lender on account of the aforementioned Events of Default under the Loan Documents (including, without limitation the Carveout Guaranty), at law or in equity.

e & Reath LLP
stablished 1849

Mr. Richard J. Nathan
October 9, 2007
Page 2

In the event you have any questions concerning this letter, you may either contact the undersigned or Daniel Palmer at Lender (312-669-6438).

Sincerely,

Michael E. Mermall, Esq.

cc:     Brian Weinhart, Esq.
        Michael J. Moran, Esq.
        Daniel Palmer

CH02/22500748.1

The Landings Florida, LLC
November 5, 2007
Page 4

**EXHIBIT D**

Letter dated October 9, 2007, from DBGC to Borrower and BAM

[*See attached*]

DrinkerBiddle. ardnerCarton

Michael E. Mermall
Partner
(312) 569-1448 Direct
(312) 569-3448 Fax
Michael.Mermall@dbr.com

*Law Offices*

191 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1000 phone
312-569-3000 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

October 9, 2007

*Via Facsimile and Overnight Courier*

The Landings Florida, LLC
c/o Commercial Ventures, Inc.
12100 Wilshire Blvd., Suite 250
Los Angeles, CA 90025
Attn: Richard Nathan and Greg Beach

Brentwood Asset Management and
  Advisory Group LLC
c/o Commercial Ventures, Inc.
12100 Wilshire Blvd., Suite 250
Los Angeles, CA 90025

Re:     Asset Management Agreement ("Agreement") between The Landings Florida, LLC
        ("Borrower") and Brentwood Asset Management and Advisory Group LLC ("BAM")
        dated February 28, 2006 regarding The Bristol Court Apartments, Norcross, Georgia
        ("Property")

Please be advised that this law firm has been engaged by ORIX Real Estate Capital, Inc., for itself and on behalf of the holder of the Loan (as hereinafter defined) ("Lender") with respect to that certain $26,500,000 loan ("Loan") made by Lender to Borrower.

You are hereby notified that there currently exist one or more Events of Default under the Loan (a copy of Lender's notice to Borrower is enclosed for your reference). This letter is written to notify Borrower and BAM that Lender is hereby immediately terminating the Agreement pursuant to the terms of the Agreement. A copy of the executed Agreement is enclosed for your reference.

Borrower shall immediately cease making any payments to BAM under the Agreement, and BAM shall accept no such payments. Failure to comply with these instructions may permit Lender to take additional action and to exercise any and all available rights and remedies as Lender may consider necessary, appropriate or useful, including looking to Borrower and BAM for payment of any and all losses, damages, costs, fees and expenses, including attorneys' fees, incurred by Lender in connection with your failure to comply with these instructions and the enforcement of Lender's rights under the Agreement, all of which are hereby reserved by Lender. Nothing contained herein is intended to or shall limit or restrict any rights or remedies available to Lender on account of the aforementioned Events of Default under the Loan Documents, at law or in equity.

In the event you have any questions concerning this letter, you may either contact the undersigned or Daniel Palmer at Lender (312-669-6438). Thank you for your cooperation and immediate attention to this matter.

Sincerely,

Michael E. Mermall, Esq.

Drinker Biddle
& Reath LLP
established 1849

cc:     Michael J. Moran, Esq.
        Daniel Palmer

The Landings Florida, LLC
November 5, 2007
Page 5

## EXHIBIT "E"

### Liens

1.  Materialman's and Mechanic's Claim of Lien by Century Turn Key, LLC vs. The Landings Florida, LLC, et al., filed March 7, 2007, recorded in GED Book 2063, page 183, Gwinnett County, Georgia Records.

2.  Materialman's and Mechanic's Claim of Lien by Eisner's Superior Flooring, Inc., vs. The Landings Florida, LLC, filed March 23, 2007, recorded in GED Book 2069, page 122, Gwinnett County, Georgia Records.

3.  Materialman's and Mechanic's Claim of Lien by Athens-Atlanta Asphalt Company, Inc., vs. The Landings Florida, LLC, et a., filed July 18, 2007, and recorded in GED Book 2124, page 268, Gwinnett County, Georgia Records.

4.  Materialman's and Mechanic's Claim of Lien by HGA Landscape Services, LLC vs. The Landings Florida, LLC, et al., filed September 24, 2007, and recorded in GED Book 2162, page 99, Gwinnett County, Georgia Records.

5.  Materialman's and Mechanic's Claim of Lien by Carpet South, Inc. vs. The Landings Florida, LLC, filed February 27, 2007, and recorded at GED Book 2057, page 44, Gwinnett County, Georgia Records, as affected by Notice of Suit Filed styled Carpet South, Inc. v. The Landings Florida, LLC, d/b/a Bristol Court Apartments, Civil Action No. 07C-09322-2, filed July 10, 2007, and recorded in GED Book 2120, page 155, aforesaid records.

6.  Materialman's and Mechanic's Claim of Lien by Southeastern Appliance & Lighting Company vs. The Landings Florida, LLC, filed March 28, 2007, and recorded at GED Book 2071, page 242, Gwinnett County, Georgia Records, as affected by Notice of Suit File styled The Climatic Corporation as assignee of Southeastern Appliance and Lighting Co., v. The Landings Florida, LLC, et al., Civil Action No. 07C-13229-6, filed September 18, 2007, and recorded in GED Book 2159, page 130, aforesaid records.

7.  Claim of Lien by Allsouth Renovations, Inc., vs. The Landings Florida, LLC, filed March 5, 2007, and recorded at GED Book 2061, page 242, Gwinnett County, Georgia Records, as affected by Notice of Filing of Action for Claim on Mechanic's and Materialman's Lien, styled Allsouth Renovations, Inc., vs. The Landings Florida, LLC, Civil Action File No. 07-C-06427-S6, filed May 14, 2007, and recorded at GED Book 2092, page 2, aforesaid records.

 

**package id**
0038956

**ship date**
Mon, Nov 05

**to**
Richard Nathan and Greg
  Beach
The Landings Florida, LLC
12100 Wilshire Blvd c/O
  Commercial Ventures, Inc.
Ste 250
Los Angeles , CA  90025-7117
  US
4048156375

**residential address**
No

**return label**
No

**from**
Peter  Glass  (7213)
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street NE
Atlanta , GA  30309  US
6109

**billing**
ORIX CAPITAL MARKETS,
  LLC.ORIX / BRISTOL
  COURT
  APARTMENT...MENTS
  (39456.350301)

**operator**
Debra Grant
404 815 6375
dGrant@kilpatrickstockton.com

**create time**
11/05/07, 6:41PM

**vendor**
FedEx

**tracking number**
790867372934

**service**
FedEx Priority

**packaging**
FedEx Envelope

**signature**
Indirect signature - at or near
  address

**courtesy quote**
12.90
*The courtesy quote does not reflect
fuel surcharge and does not
necessarily reflect all accessorial
charges.*

## Legal Terms and Conditions

**Tendering packages** by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).

©2003-2007 Lynch Marks LLC. All rights reserved. PS|Ship™ is a trademark of Lynch Marks LLC.
Other product and company names listed are trademarks or trade names of their respective companies.

 

**package id**
0038961

**ship date**
Mon, Nov 05

**to**
Richard Nathan and Greg
  Beach
Commercial Ventures, Inc.
12100 Wilshire Blvd
Ste 250
Los Angeles , CA  90025-7117
US
4048156375

**residential address**
No

**return label**
No

**from**
Peter  Glass  (7213)
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street NE
Atlanta , GA  30309  US
6109

**billing**
ORIX CAPITAL MARKETS,
  LLC.ORIX / BRISTOL
  COURT
  APARTMENT...MENTS
  (39456.350301)

**operator**
Debra Grant
404 815 6375
dGrant@kilpatrickstockton.com

**create time**
11/05/07, 6:46PM

**vendor**
FedEx

**tracking number**
798302637231

**service**
FedEx Priority

**packaging**
FedEx Envelope

**signature**
Indirect signature - at or near
  address

**courtesy quote**
12.90
The courtesy quote does not reflect
fuel surcharge and does not
necessarily reflect all accessorial
charges.

---

**Legal Terms and Conditions**
Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).

©2003-2007 Lynch Marks LLC. All rights reserved. PS|Ship™ is a trademark of Lynch Marks LLC.
Other product and company names listed are trademarks or trade names of their respective companies.

 

**package id**
0038959

**ship date**
Mon, Nov 05

**to**
Mr. Richard Nathan
314 Cliffwood Drive
Los Angeles , CA  90049 US
4048156375

**residential address**
No

**return label**
No

**from**
Peter  Glass  (7213)
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street NE
Atlanta , GA  30309  US
6109

**billing**
ORIX CAPITAL MARKETS,
LLC.ORIX / BRISTOL
COURT
APARTMENT...MENTS
(39456.350301)

**operator**
Debra Grant
404 815 6375
dGrant@kilpatrickstockton.com

**create time**
11/05/07, 6:45PM

**vendor**
FedEx

**tracking number**
798302636279

**service**
FedEx Priority

**packaging**
FedEx Envelope

**signature**
Indirect signature - at or near
address

**courtesy quote**
12.90
*The courtesy quote does not reflect
fuel surcharge and does not
necessarily reflect all accessorial
charges.*

**Legal Terms and Conditions**
Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your
shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim
in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or
misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.
Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic
value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct,
incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot
exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable
instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable
FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions,
including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the
recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and
conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-
800-463-3339).

©2003-2007 Lynch Marks LLC. All rights reserved. PS|Ship™ is a trademark of Lynch Marks LLC.
Other product and company names listed are trademarks or trade names of their respective companies.

# PS◇SHIP™

# FedEx®

**package id**
0038957

**ship date**
Mon, Nov 05

**to**
Brian Weinhart
Shumaker Steckbauer
Weinhart
333 S Hope St
Fl 36
Los Angeles , CA  90071-1406
US
4048156375

**residential address**
No

**return label**
No

**from**
Peter  Glass (7213)
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street NE
Atlanta , GA  30309  US
6109

**billing**
ORIX CAPITAL MARKETS,
LLC.ORIX / BRISTOL
COURT
APARTMENT...MENTS
(39456.350301)

**operator**
Debra Grant
404 815 6375
dGrant@kilpatrickstockton.com

**create time**
11/05/07, 6:43PM

**vendor**
FedEx

**tracking number**
798802386599

**service**
FedEx Priority

**packaging**
FedEx Envelope

**signature**
Indirect signature - at or near
address

**courtesy quote**
12.90
*The courtesy quote does not reflect*
*fuel surcharge and does not*
*necessarily reflect all accessorial*
*charges.*

## Legal Terms and Conditions

Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).

©2003-2007 Lynch Marks LLC. All rights reserved. PS|Ship™ is a trademark of Lynch Marks LLC.
Other product and company names listed are trademarks or trade names of their respective companies.

```
************************
***   TX REPORT   ***
************************

TRANSMISSION OK

TX/RX NO             1242
RECIPIENT ADDRESS    35350301913102078497
DESTINATION ID
ST. TIME             11/05 20:08
TIME USE             05'15
PAGES SENT           18
RESULT               OK
```



# KILPATRICK STOCKTON LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

direct dial 404 815 6109
direct fax 404 541 3216
PGlass@KilpatrickStockton.com

November 5, 2007

# FAX

| RECIPIENT/<br>PHONE NO. | FAX NO. |
|---|---|
| The Landings Florida, LLC<br>c/o Commercial Ventures, Inc.<br>12100 Wilshire Blvd., Suite 250<br>Los Angeles, California 90025<br>Attention: Richard Nathan and Greg Beach | (310) 207-8497 |

Peter B. Glass
FROM

18
PAGES (WITH COVER)

7213
REFERENCE NO.

39456/350301
CLIENT/MATTER NO.

**PLEASE CALL 404 815 6497 IF YOU HAVE DIFFICULTY WITH THIS TRANSMISSION.**

**CONFIDENTIALITY NOTE:**
The information contained in this fax message is being transmitted to and is intended for the use of the individual named above. If the reader of this message is not the intended recipient, you are hereby advised that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please immediately notify us by telephone and destroy this fax message.

**COMMENTS**

Please see our today's letter transmitted herewith.



KILPATRICK
STOCKTON LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

November 5, 2007

direct dial 404 815 6109
direct fax 404 541 3216
PGlass@KilpatrickStockton.com

# FAX

| RECIPIENT/<br>PHONE NO. | FAX NO. |
|---|---|
| The Landings Florida, LLC<br>c/o Commercial Ventures, Inc.<br>12100 Wilshire Blvd., Suite 250<br>Los Angeles, California 90025<br>Attention: Richard Nathan and Greg Beach | **(310) 207-8497** |

Peter B. Glass
_____
FROM

18
_____
PAGES (WITH COVER)

7213
_____
REFERENCE NO.

39456/350301
_____
CLIENT/MATTER NO.

**PLEASE CALL 404 815 6497 IF YOU HAVE DIFFICULTY WITH THIS TRANSMISSION.**

**CONFIDENTIALITY NOTE:**
The information contained in this fax message is being transmitted to and is intended for the use of the individual named above. If the reader of this message is not the intended recipient, you are hereby advised that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please immediately notify us by telephone and destroy this fax message.

**COMMENTS**

Please see our today's letter transmitted herewith.

| TO BE COMPLETED BY KS OPERATIONS CENTER | |
|---|---|
| TRANSMISSION RECEIPT DATE/TIME: | _____ |
| COMPLETED BY: _____ | JOB CODE _____ |

US2000 10425453.1

ATLANTA  AUGUSTA  CHARLOTTE  LONDON  NEW YORK  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO              1240
RECIPIENT ADDRESS     35350301913102078497
DESTINATION ID
ST. TIME              11/05 19:50
TIME USE              05'17
PAGES SENT            18
RESULT                OK
```



# KILPATRICK STOCKTON LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

November 5, 2007

direct dial 404 815 6109
direct fax 404 541 3216
PGlass@KilpatrickStockton.com

# FAX

| RECIPIENT/ PHONE NO. | FAX NO. |
|---|---|
| Mr. Richard J. Nathan<br>314 Cliffwood Drive<br>Los Angeles, California 90049 | **(310) 207-8497** |

Peter B. Glass
FROM

18
PAGES (WITH COVER)

7213
REFERENCE NO

39456/350301
CLIENT/MATTER NO.

**PLEASE CALL 404 815 6497 IF YOU HAVE DIFFICULTY WITH THIS TRANSMISSION.**

**CONFIDENTIALITY NOTE:**
The information contained in this fax message is being transmitted to and is intended for the use of the individual named above. If the reader of this message is not the intended recipient, you are hereby advised that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please immediately notify us by telephone and destroy this fax message.

## COMMENTS

Please see our today's letter transmitted herewith.



# KILPATRICK STOCKTON LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

November 5, 2007

direct dial 404 815 6109
direct fax 404 541 3216
PGlass@KilpatrickStockton.com

# FAX

| RECIPIENT/<br>PHONE NO. | FAX NO. |
|---|---|
| Mr. Richard J. Nathan<br>314 Cliffwood Drive<br>Los Angeles, California 90049 | **(310) 207-8497** |

Peter B. Glass
FROM

18
PAGES (WITH COVER)

7213
REFERENCE NO

39456/350301
CLIENT/MATTER NO.

### PLEASE CALL 404 815 6497 IF YOU HAVE DIFFICULTY WITH THIS TRANSMISSION.

**CONFIDENTIALITY NOTE:**
The information contained in this fax message is being transmitted to and is intended for the use of the individual named above.  If the reader of this message is not the intended recipient, you are hereby advised that any dissemination, distribution or copy of this fax is strictly prohibited.  If you have received this fax in error, please immediately notify us by telephone and destroy this fax message.

**COMMENTS**

Please see our today's letter transmitted herewith.

| TO BE COMPLETED BY KS OPERATIONS CENTER | |
|---|---|
| TRANSMISSION RECEIPT DATE/TIME: | |
| COMPLETED BY: | JOB CODE |

US2000 10425466.1

ATLANTA  AUGUSTA  CHARLOTTE  LONDON  NEW YORK  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1241 |
| RECIPIENT ADDRESS | 35350301913102078497 |
| DESTINATION ID | |
| ST. TIME | 11/05 19:59 |
| TIME USE | 05'18 |
| PAGES SENT | 18 |
| RESULT | OK |



**KILPATRICK STOCKTON** LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

direct dial 404 815 6109
direct fax 404 541 3216
PGlass@KilpatrickStockton.com

November 5, 2007

# FAX

| RECIPIENT/<br>PHONE NO. | FAX NO. |
|---|---|
| Commercial Ventures, Inc.<br>12100 Wilshire Blvd., Suite 250<br>Los Angeles, California 90025<br>Attention: Richard Nathan and Greg Beach | **(310) 207-8497** |

| Peter B. Glass | 18 |
|---|---|
| FROM | PAGES (WITH COVER) |
| 7213 | 39456/350301 |
| REFERENCE NO | CLIENT/MATTER NO. |

**PLEASE CALL 404 815 6497 IF YOU HAVE DIFFICULTY WITH THIS TRANSMISSION.**

**CONFIDENTIALITY NOTE:**
The information contained in this fax message is being transmitted to and is intended for the use of the individual named above. If the reader of this message is not the intended recipient, you are hereby advised that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please immediately notify us by telephone and destroy this fax message.

**COMMENTS**

Please see our today's letter transmitted herewith.



**KILPATRICK STOCKTON** LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

November 5, 2007

direct dial 404 815 6109
direct fax 404 541 3216
PGlass@KilpatrickStockton.com

# FAX

| RECIPIENT/<br>PHONE NO. | FAX NO.<br>(310) 207-8497 |
|---|---|
| Commercial Ventures, Inc.<br>12100 Wilshire Blvd., Suite 250<br>Los Angeles, California 90025<br>Attention: Richard Nathan and Greg Beach | |

| | |
|---|---|
| Peter B. Glass | 18 |
| FROM | PAGES (WITH COVER) |
| 7213 | 39456/350301 |
| REFERENCE NO | CLIENT/MATTER NO. |

**PLEASE CALL 404 815 6497 IF YOU HAVE DIFFICULTY WITH THIS TRANSMISSION.**

CONFIDENTIALITY NOTE:
The information contained in this fax message is being transmitted to and is intended for the use of the individual named above.  If the reader of this message is not the intended recipient, you are hereby advised that any dissemination, distribution or copy of this fax is strictly prohibited.  If you have received this fax in error, please immediately notify us by telephone and destroy this fax message.

**COMMENTS**

Please see our today's letter transmitted herewith.

| TO BE COMPLETED BY KS OPERATIONS CENTER |
|---|
| TRANSMISSION RECEIPT DATE/TIME: |
| COMPLETED BY: _____  JOB CODE _____ |

US2000 10425457.1

ATLANTA  AUGUSTA  CHARLOTTE  LONDON  NEW YORK  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO               0857
RECIPIENT ADDRESS      35350301912132292870
DESTINATION ID
ST. TIME               11/05 19:50
TIME USE               02'14
PAGES SENT             18
RESULT                 OK
```



# KILPATRICK STOCKTON LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

November 5, 2007

direct dial 404 815 6109
direct fax 404 541 3216
PGlass@KilpatrickStockton.com

# FAX

| RECIPIENT/ PHONE NO. | FAX NO. |
|---|---|
| Shumaker Steckbauer Weinhart, 333 S. Hope Street, 36th Floor Los Angeles, California 90071 Attn: Brian Weinhart | (213) 229-2870 |

| Peter B. Glass | 18 |
|---|---|
| FROM | PAGES (WITH COVER) |
| 7213 | 39456/350301 |
| REFERENCE NO | CLIENT/MATTER NO. |

**PLEASE CALL 404 815 6497 IF YOU HAVE DIFFICULTY WITH THIS TRANSMISSION.**

CONFIDENTIALITY NOTE:
The information contained in this fax message is being transmitted to and is intended for the use of the individual named above. If the reader of this message is not the intended recipient, you are hereby advised that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please immediately notify us by telephone and destroy this fax message.

COMMENTS

Please see our today's letter transmitted herewith.



## KILPATRICK STOCKTON LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

November 5, 2007

direct dial 404 815 6109
direct fax 404 541 3216
PGlass@KilpatrickStockton.com

# FAX

| RECIPIENT/<br>PHONE NO. | FAX NO. |
|---|---|
| Shumaker Steckbauer Weinhart,<br>333 S. Hope Street, 36th Floor<br>Los Angeles, California 90071<br>Attn: Brian Weinhart | **(213) 229-2870** |

Peter B. Glass
FROM

18
PAGES (WITH COVER)

7213
REFERENCE NO

39456/350301
CLIENT/MATTER NO.

**PLEASE CALL 404 815 6497 IF YOU HAVE DIFFICULTY WITH THIS TRANSMISSION.**

**CONFIDENTIALITY NOTE:**
The information contained in this fax message is being transmitted to and is intended for the use of the individual named above. If the reader of this message is not the intended recipient, you are hereby advised that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please immediately notify us by telephone and destroy this fax message.

## COMMENTS

Please see our today's letter transmitted herewith.

| TO BE COMPLETED BY KS OPERATIONS CENTER | |
|---|---|
| TRANSMISSION RECEIPT DATE/TIME: _____ | |
| COMPLETED BY: _____ | JOB CODE _____ |

US2000 10425463.1

ATLANTA  AUGUSTA  CHARLOTTE  LONDON  NEW YORK  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM

# EXHIBIT M

<u>**ASSIGNMENT AND ASSUMPTION AGREEMENT**</u>

**THIS ASSIGNMENT AND ASSUMPTION AGREEMENT** (this "**Agreement**"), effective as of November 5, 2007, is made and delivered by **ORIX CAPITAL MARKETS, LLC**, a Delaware limited liability company (the "**Assignor**"), to **ORIX REAL ESTATE CAPITAL, INC.**, a Delaware corporation (the "**Assignee**").

**NOW THEREFORE**, for Ten and No/100 Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor does hereby sell, convey, transfer, assign and deliver to the Assignee, free and clear of all liens, mortgages, pledges, encumbrances and charges of every kind, all of the Assignor's right, title and interest in and to all of the securities, interests, participations and other assets of the Assignor listed and described in Schedule A of that certain Assignment and Assumption Agreement, dated as of February 28, 2006 (a copy of which is attached hereto as Exhibit A), between Assignee and Assignor (the "**Assigned Assets**"), including without limitation:

(a) ‗ Any and all notes, certificates, instruments, securities and other documentary evidence of the Assigned Assets;

(b) All receivables of the Assignor directly related to the Assigned Assets; and

(c) All of the rights and interests of the Assignor under all contracts and other agreements to which the Assignor is a party or by which it is bound solely and directly related to the Assigned Assets, and all other rights and causes of action of every kind of the Assignor solely and directly related to the Assigned Assets.

The Assignee hereby assumes and agrees to be bound by all of the liabilities and obligations of the Assignor directly arising from or directly related to the Assigned Assets that first occur or accrue from and after the date of this Agreement. The Assignor shall remain responsible for any such liabilities and obligations that occurred or that are applicable to periods before the date of this Agreement. Any amount related to the Assigned Assets received by the Assignee or the Assignor for the account of the other party shall be remitted to the other party on a timely basis.

The parties acknowledge and agree that the purchase price is subject to mutually agreed upon adjustment due to information that becomes available after the date of this Agreement pertaining to the Assigned Assets.

The Assignor and the Assignee further agree to execute such additional documents from time to time at the request of the other party as may be necessary to accomplish the transfer of assets and assumption of liabilities made under this Agreement.

For the purposes of this Agreement, signatures transmitted by facsimile or pdf. (e-mail) shall have the same force and effect as original signatures.

[SIGNATURES ON FOLLOWING PAGE]

Effective as of the date first written above.

ORIX CAPITAL MARKETS, LLC,
a Delaware limited liability company

By: _____

Name: Jeffrey Beck III

Title: President and CEO


AGREED AND ACCEPTED
as of the date first written above:

ORIX REAL ESTATE CAPITAL, INC.,
a Delaware corporation

By: _____

Name:   David R. Brown

Title:   President and CEO

Effective as of the date first written above.

ORIX CAPITAL MARKETS, LLC,
a Delaware limited liability company

By:_____
     Name:_____
     Title:_____

**AGREED AND ACCEPTED**
as of the date first written above:

**ORIX REAL ESTATE CAPITAL, INC.,**
a Delaware corporation

By:_____
     Name:  David R. Brown
     Title:    President and CEO

## EXHIBIT A

## FEBRUARY 28, 2006 ASSIGNMENT AND ASSUMPTION AGREEMENT

[SEE ATTACHED]

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement"), effective as of February 28, 2006, is made and delivered by **ORIX REAL ESTATE CAPITAL, INC.**, a Delaware corporation (the "**Company**"), to **ORIX CAPITAL MARKETS, LLC**, a Delaware limited liability company (the "**Purchaser**").

NOW THEREFORE, for Twenty Three Million Four Hundred Fifty Six Thousand Three Hundred Seventeen and 83/100 Dollars ($23,456,317.83) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Company does hereby sell, convey, transfer, assign and deliver to the Purchaser, free and clear of all liens, mortgages, pledges, encumbrances and charges of every kind, all of the Company's right, title and interest in and to all of the securities, interests, participations and other assets of the Company listed on Schedule A hereto (the "**Purchased Assets**"), including without limitation:

    (a)    Any and all notes, certificates, instruments, securities and other documentary evidence of the Purchased Assets;

    (b)    All receivables of the Company directly related to the Purchased Assets; and

    (c)    All of the rights and interests of the Company under all contracts and other agreements to which the Company is a party or by which it is bound solely and directly related to the Purchased Assets, and all other rights and causes of action of every kind of the Company solely and directly related to the Purchased Assets.

The Purchaser hereby assumes and agrees to be bound by all of the liabilities and obligations of the Company directly arising from or directly related to the Purchased Assets that first occur or accrue from and after the date of this Agreement. The Company shall remain responsible for any such liabilities and obligations that occurred or that are applicable to periods before the date of this Agreement. Any amount related to the Purchased Assets received by the Purchaser or the Company for the account of the other party shall be remitted to the other party on a timely basis.

The parties acknowledge and agree that the purchase price is subject to mutually agreed upon adjustment due to information that becomes available after the date of this Agreement pertaining to the Purchased Assets.

The Company and the Purchaser further agree to execute such additional documents from time to time at the request of the other party as may be necessary to accomplish the transfer of assets and assumption of liabilities made under this Agreement.

[SIGNATURES ON FOLLOWING PAGE]

CH01/ 12465125.2

Effective as of the date first written above.

ORIX REAL ESTATE CAPITAL, INC., a Delaware
corporation

By: _____

    Name:  David R. Brown
    Title:   President and CEO


**AGREED AND ACCEPTED**
as of the date first written above:

ORIX CAPITAL MARKETS, LLC,
a Delaware limited liability company

By: _____

    Name:  Edgar L. Smith, II
    Title:   President and COO

## SCHEDULE A

## PURCHASED ASSETS

That certain Loan and Security Agreement dated as of February 28, 2006, by and between The Landings Florida, LLC, a Florida limited liability company ("**Borrower**"), and ORIX Real Estate Capital, Inc., a Delaware corporation ("**OREC**"), and all documents and agreements delivered in connection therewith, including but not limited to:

1. Note, dated as of February 28, 2006, made by Borrower to the order of OREC in the original principal amount of $26,500,000.

2. Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement, dated as of February 28, 2006, made by Borrower for the benefit of OREC.

3. Assignment of Rents, Leases and Other Income dated as of February 28, 2006 by Borrower in favor of OREC.

4. Authorization to File UCC Financing Statements dated as of February 28, 2006 made by Borrower to OREC.

5. Guaranty (Payment), dated as of February 28, 2006, by Commercial Ventures, Inc., a Delaware corporation, for the benefit of OREC.

6. Guaranty (Carveout), dated as of February 28, 2006, by Richard J. Nathan for the benefit of OREC.

7. Environmental Indemnity Agreement, dated as of February 28, 2006, by Borrower and Richard J. Nathan to and for the benefit of OREC.

8. Post-Closing Agreement, dated as of February 28, 2006, between Borrower and OREC.

9. Agreement Re: Blocked Accounts dated as of February 28, 2006 made by and among Borrower, OREC and LaSalle Bank National Association.

10. Negative Pledge Agreement dated as of February 28, 2006 made by The Landings Florida Member, LLC in favor of OREC.

11. Subordination of Management Agreement and Waiver of Management Liens dated as of February 28, 2006 made by GREP Southeast, LLC-Management Series and Borrower in favor of OREC.

12. Collateral Assignment of Undertakings and Purchase Agreement dated as of February 28, 2006 by and between Borrower and OREC.

13. Letter to Lender dated as of February 28, 2006 from Borrower, Commercial Ventures, Inc. and Richard J. Nathan and countersigned by escrowee authorizing Lender to wire.

CH01/ 12465125.2